**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBMA BA,<br><br>                   Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden of<br>Otay Mesa Detention Center, et al.,<br><br>                   Respondents. | Case No.:  3:26-cv-01651-RBM-VET<br><br>**ORDER GRANTING PETITION<br>FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Debma Ba's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  For the reasons set forth below, the Petition is **GRANTED**.

## I.    BACKGROUND

Petitioner, a national of Mauritania, entered the United States on June 3, 2023, seeking asylum.  (Doc. 1 ¶¶ 1–2.)  After being "briefly held in custody[,] Respondents determined that he was not a flight risk nor a danger to the community and they granted him conditional parole through release on his own recognizance on June 4, 2023."  (*Id*. ¶ 2' *see* Doc. 1-2 at 2.)  When he was released, Petitioner was also issued a Notice to Appear ("NTA") and was placed in removal proceedings.  (*Id*. ¶ 40.)

Petitioner continued to live in the United States for more than three years after his

1

release. (*Id.* ¶ 3.)  In May 2024, Petitioner filed an application for asylum and was granted work authorization. (*Id.* ¶¶ 3, 43–44.)  Petitioner also claims he "attended all scheduled check-ins, interviews and appointments." (*Id.* ¶ 41.)

On January 12, 2026, United States Immigration and Customs Enforcement ("ICE") detained Petitioner while he attended an ICE check-in. (*Id.* ¶ 4.)  Petitioner was then provided with an I-220 form dated January 12, 2026, but claims that "the cancellation of his conditional parole was filled out after he was detained." (*Id.* ¶ 5.)  Petitioner further claims "[h]e was never given notice prior to his detention" and that nothing in the I-220 form "qualifies as a warrant and [ ] makes no allegation that he was now a flight risk or a danger to the community." (*Id.* ¶¶ 5, 46–47)  Petitioner was "ultimately transferred to the Otay Mesa Detention Center." (*Id.* ¶ 5.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner claims that his immigration detention violates the Administrative Procedure Act, the Fifth Amendment's Due Process Clause, and the Fourth Amendment. (Doc. 1 ¶¶ 52–72.)  Respondents maintain that "Petitioner is subject to mandatory detention under § 1225(b), because Petitioner was present in the United States without being admitted or paroled." (Doc. 4 at 2.)  In support, Respondents attempt to incorporate by reference arguments regarding the government's authority for mandatory detention under

2

§ 1225(b) made in similar cases. (*See id*. at 3–4 & n.2.)[1]  Respondents do not address Petitioner's due process claims.[2]

This Court has granted several habeas petitions filed by similarly situated petitioners who were initially released under an Order of Release on Own Recognizance and re-detained several years later.  In *Faizyan v. Casey*, the Court held that such petitioners are "subject to the discretionary detention procedures under 8 U.S.C. § 1226 and [their] detention without a bond hearing violates the Due Process Clause."  Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025); *see Penagos-Alvarez v. LaRose*, Case No.: 3:26-cv-00865-RBM-MSB, 2026 WL 539340 (S.D. Cal. Feb. 26, 2026); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) (finding a noncitizen released on an "Order of Release on Recognizance" pursuant to INA § 236 "was conditionally paroled under the authority of § 1226(a)").  Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights."  *Faizyan*, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *accord C.A.R.V. v. Wofford*, Case No. 1:25- CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due process

---

[1] "Generally, courts do not allow incorporation by reference of arguments or 'substantive materials' not contained within the relevant motions' briefs."  *Flores v. Bennett*, 635 F. Supp. 3d 1020, 1029 (E.D. Cal. 2022), *aff'd*, No. 22-16762, 2023 WL 4946605 (9th Cir. Aug. 3, 2023) (collecting cases); *see Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 947 (N.D. Cal. 2014) (declining to consider arguments plaintiff "improperly [sought] to incorporate by reference").

[2] Respondents "request[ ] an opportunity to submit [a more formal response] within a reasonable timeframe" (Doc. 4 at 2 n.1), but notably failed to properly request an extension of time.  *See also Sosa Inzuna v. Warden of Adelanto Det. Facility*, — F. Supp. 3d —, 2026 WL 233211, at *3 n.2 (C.D. Cal. 2026) (noting "the current volume of habeas petitions . . . being filed can be attributed to Respondents' deliberate choice to continue defying the final judgment entered in *Bautista*").

3

violation where the petitioner was initially released on his own recognizance); *Leiva Flores v. Albarran*, Case No. 25- cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding the same and requiring a hearing before detention).

Like in *Faizyan*, Petitioner was released from his initial detention on his own recognizance, issued on a Form I-220A, and lived in the United States for over two years before being re-detained. (*See* Doc. 1 ¶ 2; Doc. 1-2 at 2.) "As ICE was not authorized to release [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined [he] was neither." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if they fail to live up to the . . . conditions of release.'" *Id*. at 1032 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Nothing on the record before the Court indicates any change in circumstances or individualized justification for Petitioner's re-detention. *See* 8 C.F.R. § 1236.1(c)(8). Petitioner also claims, and Respondents do not dispute, that he was not provided with notice, an individualized determination, or an opportunity to be heard before his conditional release was revoked. (*See* Doc. 1 ¶¶ 5, 46–47.)

The Court therefore adopts its reasoning in *Faizyan* and applies it here. For those same reasons, the Court finds that: (1) Petitioner is subject to § 1226's discretionary framework; and (2) ICE's revocation of Petitioner's release on his own recognizance without a pre-deprivation hearing violates his due process rights and renders his detention unlawful. Accordingly, the Petition is **GRANTED**.[3]

## IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody,

---

[3] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

subject to the conditions of his preexisting Order of Release on Own Recognizance.

2. The Court **ORDERS** that, prior to any re-detention, Petitioner **SHALL** receive notice of the reasons for revocation of his release and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

**IT IS SO ORDERED**.

DATE:  April 13, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE